IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH A. GIBSON, ) | | |
|         Plaintiff, ) | | |
| ) | | |
| v. ) | No. 3:08-CV-2297-L | |
| ) | | |
| DELTA AIRLINES, et al., ) | | |
|         Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* employment discrimination case.

Parties: Plaintiff temporarily resides in Bedford, Texas.[1] Defendants are Delta Airlines and ASA Delta Connection. The court did not issue process in this case pending preliminary screening.

Statement of Case: The complaint seeks to litigate employment discrimination claims stemming from the termination of Plaintiff's employment with Delta Airlines and Atlantic Southeast Airlines(ASA)/Delta Connection in September 2000. On December 14, 2000, Plaintiff through retained counsel filed a prior employment discrimination case against ASA and Delta Connection stemming from the same course of events. *See Gibson v. Atlantic Southeast*

---

[1] Plaintiff lives from shelter to shelter. Presently she resides at a temporary location in Bedford. (*See* Feb. 6, 2009 Affidavit at 7-8).

*Airlines, and Delta Connection*, 3:00cv2712-X (N.D. Tex., Dallas Div). On January 7, 2002, the district court dismissed the case on Defendants' motion for summary judgment. (*Id.*).

On January 8, 2009, after the filing of this action, the court notified Plaintiff that her complaint appeared to duplicate the job discrimination claims unsuccessfully litigated in No. 3:00cv2712-X, and ordered her to show cause why this case should not be dismissed as duplicative. The court also ordered Plaintiff to complete a financial affidavit in support of her request to proceed *in forma pauperis*. Plaintiff has complied with both requests. (*See* February 6, 2009 Affidavit and Response styled "Due Process Never Served.").

<u>Findings and Conclusions</u>: The court has granted Plaintiff leave to proceed *in forma pauperis*. Her complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .

28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious when it "duplicates allegations of another [] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Although the *Pittman* court referred to allegations duplicative of pending federal litigation in discussing maliciousness, other cases make it clear that the prior lawsuits need not be pending. In *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit recognized that an *in forma pauperis* action may be dismissed as frivolous when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *See also Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)

(dismissal of *in forma pauperis* complaint was proper because suit was duplicative of previously dismissed lawsuit); *Willis v. Bates*, 78 Fed. Appx. 929, 930, 2003 WL 22427405, *1 (5th Cir. Oct. 22, 2003) (unpublished per curiam) ("[A" district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit.").

It is clear that the allegations in this action duplicate the claims pursued in Plaintiff's prior employment action. Plaintiff concedes as much in response to the court's order to show cause. Therefore, this case should be dismissed *sua sponte* as duplicative.

In her complaint and response to the court's show cause order, Plaintiff states that her former attorney did not do any work on her case, met with her only five times, and helped Defendants' counsel "sabotage" her case. She argues that as a result of counsel's conduct, she was not notified of the court proceedings in the prior case in violation of her due process rights. Plaintiff allegedly learned of the dismissal of her earlier case only when she called the Court Clerk on her own to inquire about the status of her case. Thus, she requests this court to re-open Cause No. 3:00cv2712-X. (*See* Feb. 6, 2009 Response at 3).

This court lacks the authority to take any action with respect to the 2000 case. Plaintiff should have raised any arguments relating to her first case directly with the district court in that case. Alternatively she should have appealed or sought leave to file an out-of-time appeal from the order granting summary judgment in her earlier case.

RECOMMENDATION:

For the foregoing reasons, it is recommended this action be DISMISSED *sua sponte* as duplicative. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 10th day of February, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.